UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ARTURO JAIME GARCIA, AND WIFE § <br> DORA ELIA DE LA ROSA GARCIA § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> U.S. BANK, N.A. § <br>     Defendant. § | CIVIL ACTION NO. 7: 12-cv-00283 |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES JUDGE:

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant, U.S. Bank, N.A. ("U.S. Bank" or "Defendant") gives notice and hereby removes this action from the 92nd Judicial District Court of Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, and in support thereof would show unto the Court the following:

### A. Introduction

1.  On July 27, 2012, Plaintiffs, Arturo Jaime Garcia and Dora Elia De La Rosa Garcia ("Plaintiffs"), filed Plaintiff's [sic] Original Petition ("Petition") in the 92nd Judicial District Court of Hidalgo County, Texas, styled *Arturo Jaime Garcia, et al. v. U.S. Bank, N.A.,* bearing Cause Number C-2239-12-A.

2.  Plaintiff sued Defendant for claims labeled: (1) breach of contract-loan modification agreement; (2) breach of fiduciary duty; (3) violations of the Deceptive Trade Practices Act; (4) unreasonable collection efforts; (5) breach of oral contract; (6) intentional misrepresentation; (7) violations of the Texas Debt Collection Act; (8) negligence; (9) wrongful foreclosure; and (10) fraud. *Petition* ¶¶ 5.1-6.0. Plaintiffs' lawsuit concerns the servicing and foreclosure of Plaintiffs' mortgage

loan secured by the property commonly known as 2624 Oriole Avenue, McAllen, Texas 78504 ("Property").

3. Defendant has not been served with process in this lawsuit. Thus, Defendant timely files this notice of removal within the 30-day time dictated by 28 U.S.C. §1446(b).

### B. Procedural Requirements

4. Venue is proper in the United States District Court for the Southern District of Texas, McAllen Division, because the State Court Action is pending within this district and division. *See* 28 U.S.C. §1441(a); *Also see* 28 USC §124(b)(2).

5. Pursuant to Southern District of Texas Local Rule 81 and 28 U.S.C. §1446(a), this *Notice of Removal* is accompanied by copies of the following:

   a. An index of matters being filed is attached hereto as **Exhibit 1**;

   b. The state court docket sheet, all pleadings asserting causes of action, all executed process in the case, if any, all answers, if any, and all orders signed by the state court judge, if any, are attached as **Exhibits 2-3**; and

   c. A list of all counsel of record, including addresses, telephone numbers and all parties represented is attached hereto as **Exhibit 4**.

6. Simultaneously with the filing of this *Notice of Removal,* Defendant is filing notice of the removal in the 92nd District Court of Hidalgo County, Texas pursuant to 28 U.S.C. §1446(a), which is attached hereto as **Exhibit 5**, and will provide written notice of the filing of this *Notice of Removal* to all parties as required by 28 U.S.C. §1446(a). Also, in accordance with Local Rule 3, Defendant has filed contemporaneously with this Notice a civil cover sheet, a copy of which is attached hereto as **Exhibit 6**.

7.      Defendant is filing its *Disclosure Statement and Certificate of Interested Parties* pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, a copy of which is attached hereto as **Exhibit 7**.

### C. Basis for Removal

8.      Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §§1332(a).  Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

####    I.      Diversity of Citizenship

9.      Based on the Petition, Plaintiffs are citizens of Texas. *Petition* ¶ 3.2.  For the purposes of diversity jurisdiction, a person is considered a citizen of the state where the person is domiciled. *Preston v. Tennet Healthsystem Mem. Med. Ctr.*, 485 F.3d 793, 797 (5th Cir. 2007).

10.     U.S. Bank is a national banking association, its citizenship is determined by the location of its main office as set forth in its articles of association. *See* 28 U.S.C. §1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).  Under it articles of association, U.S. Bank's main office is located in Ohio.  Thus, U.S. Bank is a citizen of Ohio for purposes of diversity jurisdiction. *See U.S. Bank, Nat'l Assoc. v. Polyphase Elec. Co.*, No. 10-4881 (D. Minn., Aug. 17, 2011).

####    II.     Amount in Controversy

11.     The Petition seeks to rescind U.S. Bank's foreclosure sale, actual damages, statutory damages, exemplary damages, and attorney's fees. *Petition* ¶¶ 3.1-6.0.  As Plaintiffs request a rescission of the foreclosure and determination that they are the rightful titleholders to the Property, the value of the Property is to be used in determining the amount in controversy, rather than the damages that might be suffered. *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547–48 (5th

Cir.1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."); *see also Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009).  Here, the right of the property is at issue because Plaintiffs are seeking to rescind U.S. Bank's foreclosure sale and reclaim title.  Accordingly, the value of the Property controls with respect to the amount-in-controversy.

12. Pursuant to the records of the Hidalgo County Appraisal District (http://www.hidalgoad.org/clientdb/?cid=1) online, the Property is valued at $168,482.00.  A true and correct copy of the Hidalgo CAD property search results is attached hereto as **Exhibit 8** and is incorporated herein.  Furthermore, the Petition states that on February 28, 2000, Plaintiffs executed a promissory note in the amount of $117,792.00 payable to Defendant.  *Petition* at ¶ 4.1.  As indicated in the Petition, the Property was foreclosed on June 5, 2012 wherein the Property reverted to U.S. Bank for $112,931.22.  A true and correct copy of the Substitute Trustee's Deed recorded in the Real Property Records of Hidalgo County, Texas as instrument number 2012-2317586 is attached hereto as **Exhibit 9**.

13. Plaintiffs additionally seek actual damages, statutory damages, exemplary damages, and attorney's fees.  *Id.* at ¶¶ 5.4, 5.6, and 5.7.  It is well-established that potential attorney's fees are also included in determining the amount-in-controversy.  *White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-677 (5th Circuit. 2003).

14. Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000.00.

### D. Prayer

WHEREFORE, Defendant removes this action from the 92nd Judicial District Court of

Hidalgo County, Texas, to the United States District Court for the Southern District of Texas, McAllen Division, so that this Court may assume jurisdiction over the cause as provided by law.

                Respectfully submitted,

**BARRETT DAFFIN FRAPPIER TURNER & ENGEL, L.L.P.**

  /s/ *Bryan T. Brown*
Bryan T. Brown
State Bar No. 24055219
SD No. 946689
15000 Surveyor Blvd., Ste. 100
Addison, Texas 75001
(972) 386-5040
(972) 341-0783 (Facsimile)
BryanB@BDFGroup.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

On August 23, 2012, I certify that a copy of the foregoing was served as indicated to the following:

<u>Via Facsimile #: (956) 687-5514 &</u>
<u>CMRRR #: 7196 9008 9115 0122 2443</u>
C. Brandon Holubar
3409 North 10th Street
McAllen, Texas 78501
Attorney for Plaintiffs

                /s/ *Bryan T. Brown*
                Bryan T. Brown